JOHN F. ROACH *vs.* TOWN COUNCIL OF EAST PROVIDENCE.

JUNE 17, 1913.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1)   Intoxicating Liquors.   Licenses.   Review.*

Under the provisions of Gen. Laws, 1909, cap. 123, § 2, "The town councils of the several towns and the boards of commissioners as hereinafter provided may grant or refuse to grant licenses to such citizens resident within this State for the manufacture or sale of pure, spirituous and intoxicating liquors within the limits of such town or city, as they may deem proper," after the town council has determined whether the precedent requirements of the statute have been complied with, and whether any legal objection has been made, which determinations are judicial in their nature, and reviewable, then the granting or refusing of a license is a matter of discretion with the town council, which is not subject to review.

*(2)   Mandamus.*

Mandamus will not lie unless the applicant has a specific legal right with no specific legal remedy for a deprivation of that right.

*(3)   Intoxicating Liquors.   Licenses.   Mandamus.*

Where the granting or refusal of a license is discretionary with the licensing board, the only specific legal right which an applicant eligible for a license has, is to have his application acted upon.

*(4)   Licenses.   Mandamus.*

Where a licensing board having discretion in the granting of licenses, has given a petitioner "leave to withdraw" and petitioner has in express terms refused to exercise such leave and has demanded definite action upon his petition, the board can be compelled to take such definite action by either granting or refusing it.

*(5)   Mandamus.   Discretion.*

Where a licensing board has discretion in the granting of licenses, a petition for mandamus which sets out that the board has neglected and refused to grant a petition and prays that the board be ordered to grant it, will be denied, since the court cannot control the discretion of the board.

*(6)   Mandamus.   Misconduct of Licensing Board.*

A charge that a licensing board unlawfully discriminated against a petitioner owing to improper influence cannot be considered in a petition for mandamus, but petitioner may seek his remedy by action against the individual members for malversation in their discharge of duty.

MANDAMUS. Heard on appeal of petitioner and dismissed.

BAKER, J.   This is an appeal from the judgment of the Superior Court by which an application of the petitioner for a writ of mandamus against the Town Council of East Providence was denied.

The petitioner represents that he is a resident and legal voter in said town of East Providence, and that on the 30th day of November, 1912, he filed with the town council of said town a petition that he be granted a license for the sale of liquor at retail for premises designated in said petition and located in said town; that said town council received said petition and ordered it to be advertised according to law and that thereafter said town council on December 17, 1912, voted that the petitioner be granted leave to withdraw; that thereafter on December 21, 1912, he presented to said town council at a meeting thereof a demand in writing setting forth that he declined to exercise said leave to withdraw and demanded that said petition be granted; that said town council voted that said demand be received and utterly neglected and refused to grant said petition or to take any other or further action in the matter.   Petitioner also alleges that the failure to grant the petition was due to the instigation of certain persons and corporations engaged in the liquor and brewery business, and that said town council did arbitrarily and unlawfully discriminate against the petitioner and did unlawfully neglect and refuse to grant his said

petition, wherefore he prays for a writ of mandamus, directed to the said members of said town council, whose names are given, commanding them to grant said petition for said license.

Section 2 of Chapter 123 of the General Laws provides as follows: "The town councils of the several towns, and the boards of commissioners as hereinafter provided, may grant or refuse to grant licenses to such citizens resident within this state, for the manufacture or sale of pure spirituous and intoxicating liquors within the limits of such town or city, as they may deem proper."

The power of the town council in the granting of liquor licenses and the conditions under which that power is to be exercised have been considered in *Dexter* v. *Town Council of Cumberland*, 17 R. I. 222. In its opinion in that case the court says: "Before exercising this power, it is necessary to determine whether the precedent requirements of the statute have been complied with; and also whether the owners of a greater part of the land within two hundred feet of the place proposed object in writing to the granting of such license. These determinations are of a judicial nature, upon which the jurisdiction of the board depends, and they may therefore be reviewed." . . . "When due notice has been given, and the requisite number of land-owners do not object to the license, it is then a matter of discretion with the board whether to grant the license or not. Over such a conclusion this court has no control."

(1)     The statute authorizing the granting of licenses was the same then as now except that the present law makes the addition of the restriction that only one license for each five hundred inhabitants can be granted and of the provision forbidding the granting of a license to any premises within two hundred feet of a public or parochial school.

In this case the petitioner alleges that due notice was given and that no remonstrance to the granting of the petition was filed. There is no suggestion that the two restrictive provisions of the present law above referred to affect

the application of the petitioner, and under the authority of the case above quoted the granting or refusing of the petition was a matter of discretion with the town council.   It is too clear for argument therefore that under the law quoted the petitioner for a license has no legal right thereto.   "The grand condition of obtaining a writ of mandamus is that the applicant has a specific legal right with no specific legal (2) remedy for a deprivation of that right."   Short on Information, Mandamus and Prohibition, 1st Am. Ed. *p. 228, n. 1. See, also, Spelling on Injunction and other Extraordinary Remedies, Vol. 2, Sec. 1370; *Sweet v. Conley,* 20 R. I. 381, 383.

We think that the petitioner, being eligible as a licensee, was entitled to have his petition acted upon; that was his specific legal right.   If acted upon he has obtained his specific legal right in the premises.   The expression "leave (3) to withdraw" is not defined in "Words and Phrases," in the law dictionaries, in the modern large dictionaries in ordinary use or in the encyclopædias of law.   In Cushing's Law and Practice of Legislative Assemblies, 9th Ed. 1907, in paragraph 1174, the effect of a petitioner having leave to withdraw is described as follows:   "In this case the petition, although not granted, is not refused, but may be withdrawn and presented again."   We are of the opinion that when a (4) petitioner in express terms refuses to exercise such leave to withdraw and demands definite action upon his petition that the licensing board could be compelled to act definitely upon the petition by either granting or refusing it.   The petitioner is not very clear in his statement of what was done by the town council respecting his petition after December 21, 1912. It perhaps might be inferred that the town council had taken no action whatever on his petition after that date.   He does, however, twice say that the council has neglected and (5) refused to grant his said petition.   It is reasonable therefore to conclude that his meaning is that his said petition was acted upon by the town council and that it was refused.   At all events, he does not in his petition for the writ ask simply

that the town council be required to act on his petition, but that they be ordered to grant it. For the court to order this to be done, as already appears, would be an attempt to unlawfully control the discretion of the town council.

The allegations in the petition "that the town council arbitrarily and unlawfully discriminated against the petitioner and that they were instigated thereto by certain persons and corporations engaged in the liquor and brewery business" are similar in character to the allegation in *Kenney v. State Board of Dentistry*, 26 R. I. 538, 542: that the board was prejudiced against the petitioner and did not give her a fair and impartial examination respecting which the court in that case says: "It is sufficient to reply that this court can take no notice of such a charge in a proceeding of this sort. If she was rejected because of improper motives on the part of the board, her remedy is by an action for damages against the individual members thereof, alleging bad faith and arbitrary disregard of their duties, or improper animus against the applicant, or other malversation in their discharge of duty, but not by mandamus."

We are of the opinion that the petitioner in this case has failed to show that he is entitled to the relief asked for and that the decision of the presiding justice in denying the application for a writ of mandamus must be upheld.

The petitioner's appeal from the judgment of the Superior Court is denied and dismissed and the case is remitted to the Superior Court to be disposed of in accordance herewith.

*Joseph C. Cawley, Frederick J. Berth*, for petitioner.
*James A. Cahill, Town Solicitor*, for respondents.